# Scott's Appeal.

A partner who goes out of a partnership and for a valuable consideration is indemnified by his partners against all debts and liabilities of the firm, stands in the attitude of a stranger as against a creditor of one of the partners for his individual debt, where judgment has been obtained since his outgoing, and is entitled to subrogation for a debt of the firm paid by him for which he was not liable as between himself and partners, at the time of leaving the firm.

November 21st 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

[Scott's Appeal.]

Appeal from the Court of Common Pleas of *Greene county :* Of October and November Term 1878, No. 307.

Appeal of Samuel W. Scott, Receiver of the National Bank of Waynesburg, from the decree of the court dismissing his exceptions to the report of the auditor appointed to make distribution of the proceeds of the sheriff's sale of the real estate of Godfrey Gordon.

The auditor found that B. F. Flenniken, who had been a member of the firm of Gordon, Campbell, Courtney & Co., during a period of about six months, retired from the firm in June 1872, leaving Gordon and Campbell still members, Courtney having also retired about the same time. That Flenniken's withdrawal was entirely voluntary, with the mutual consent of the remaining partners, and with the agreement that he was to go out of the firm without profit, and that Gordon and Campbell, the remaining members were to pay the debts of the firm, including the rent of the store-room and warehouse which they had rented in December 1871, when the partnership was formed, from John Hays, in the city of Pittsburgh. That John Hays brought suits in the Common Pleas of Greene Co., Pa., to Nos. 293 December Term 1873, and 180 June Term 1874, for two quarters' rent of the store-room and warehouse, and judgments obtained against Godfrey Gordon, B. F. Campbell and B. F. Flenniken, no service being had upon Courtney. The judgment of the appellant, Scott, against Gordon was to No. 212, June Term 1875. On April 6th 1874, and January 25th 1875, respectively, Flenniken paid the two judgments of Hays, and took assignments thereof. The auditor decided that Flenniken, holding these two judgments, was entitled to be subrogated to the rights of Hays as against Gordon and Campbell, and to share in the proceeds of Gordon's property. Scott filed exceptions to this report which the court dismissed, and hence this appeal.

*Wyly, Buchanan & Walton,* for appellant.—If Flenniken upon the facts of the case, was not entitled to subrogation, the assignments would not give him that right: Himes *v.* Keller, 3 W. & S. 401 ; Fleming *v.* Beaver, 2 Rawle 132. And we contend that upon the facts he was not entitled to subrogation : Wallace's Estate, 9 P. F. Smith 401 ; Lloyd et al. *v.* Galbraith et al., 8 Casey 103 ; Goswiler's Estate, 3 P. & W. 200.

*C. A. Black,* for appellee.—Had Flenniken paid the Hays judgments without the formality of an assignment he would have been entitled to subrogation : McCormick's Adm'r *v.* Irwin, 11 Casey 111 ; Frow, Jacobs & Co's Estate, 23 P. F. Smith 459.

The judgment of the Supreme Court was entered November 28th 1878,

[Scott's Appeal.]

PER CURIAM.—A partner who goes out and for a valuable consideration is indemnified by his partners against all debts and liabilities of the firm, stands in the attitude of a stranger, as against a creditor of one of the partners for his individual debt, whose judgment has been obtained since his outgoing. He is therefore entitled to subrogation for a debt of the firm paid by him for which he was not liable as between himself and partners at the time of leaving the firm.

> Decree affirmed, with costs to be paid by the appellant, and appeal dismissed.